**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

David Caesar, Appellant,

v.

The State of South Carolina, Respondent.

Appellate Case No. 2019-001476

———————————

Appeal From Sumter County
R. Ferrell Cothran, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2022-UP-131
Submitted January 1, 2022 – Filed March 23, 2022

———————————

**AFFIRMED**

———————————

Tommy Arthur Thomas, of Irmo, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General William M. Blitch, Jr., Assistant Attorney General Leon David Leggett, III, and Assistant Attorney General Harley Littleton Kirkland, all of Columbia, for Respondent.

———————————

**PER CURIAM:** David Caesar appeals the circuit court's order dismissing his action for a declaratory judgment. On appeal, Caesar argues the circuit court erred in dismissing his action because (1) the Post-Conviction Relief (PCR) Act did not

preclude him from bringing his petition for a declaratory judgment and (2) his prior conviction, for which he received a sentence under the Youthful Offender Act, should not have been used to enhance his sentence under the recidivist statute. Because the PCR Act provides the exclusive remedy for Caesar's claim, the circuit court did not err in dismissing Caesar's action for a declaratory judgment. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: S.C. Code Ann. § 17-27-20(A)(1) (2014) ("Any person who has been convicted of, or sentenced for, a crime and who claims . . . [t]hat the conviction or the sentence was in violation of the Constitution of the United States or the Constitution or laws of this State . . . may institute . . . a proceeding under [the PCR Act] to secure relief."); S.C. Code Ann. § 17-27-20(B) (2014) ("Except as otherwise provided in [the PCR Act], it comprehends and takes the place of all other common law, statutory or other remedies heretofore available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them."); *Carpenter v. S.C. Dep't of Corr.*, 431 S.C. 512, 523-24, 848 S.E.2d 346, 351-52 (Ct. App. 2020) (finding Carpenter's claims that he raised under the Declaratory Judgment Act were procedurally barred by the PCR Act because his claims "fit squarely into a category available for redress under the PCR Act").[1]

**AFFIRMED.**[2]

**WILLIAMS, C.J., MCDONALD, J., and LOCKEMY, A.J., concur.**

---

[1] Because the resolution of this issue is dispositive, we need not consider Caesar's remaining argument. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.